WILLIAM GRINNELL ET AL. v. PORTAGE CO. (COMRS.) ET AL.

1. POWERS CONFERRED UPON COUNTY COMMISSIONERS BY ACT OF APRIL 27, 1903, CONSTRUED.

The act of Aril 27, 1893, 90 O. L. 359 (Lan. R. L. 5312 *et seq.*; B. 3337-8 *et seq.*) applies only to existing crossings of highways, and does not confer authority upon county commissioners to exercise the powers therein specified as to crossings proposed to be made in the near future by a railway company in the construction of a new line of railroad.

2. COMMISSIONERS CANNOT CHANGE COURSE NOR VACATE HIGHWAY NOT INTERSECTED BY RAILWAY.

The power therein conferred upon county commissioners to change or alter the course of a highway, and vacate a portion thereof, to get rid of a crossing at grade, is limited to the highway crossed; and such commissioners cannot, in so doing, also change the course, and vacate a portion of an adjacent highway intersected by the railway by a nearby underhead crossing.

Grinnell v. Commissioners.

**3. INJUNCTION WILL LIE TO PREVENT SUCH CHANGE AND VACATION IF COMPLAINANTS SUFFER DAMAGES DIFFERENT FROM GENERAL PUBLIC.**

Where under the power thus conferred such commissioners are about to change the course, and vacate a portion of a highway, the owners of lands abutting on such portion may enjoin such change and vacation if they will thereby suffer injury in excess of, and different from, that of the general public, as there is no method provided for awarding compensation to them for such injury.

INJUNCTION.

**I. T. Siddall,** for plaintiff:

Powers of county commissioners as to crossings, etc. *Defiance Co. (Comrs.)* v. *Croweg,* 24 Ohio St. 492; *Newark* v. *Jones,* 9 Circ. Dec. 196 (16 R. 563); Lan. R. L. 2120, 2898, 7905, 7948, 7953, 7960, 7961, 8397, 8398, 8433, 8437 (R. S. 860, 1459, 4634, 4655, 4661, 4668, 4669, 4921, 4922, 4936, 4940); *State* v. *Hancock Co. (Comrs.)* 11 Ohio St. 183; *Jones* v. *Lucas Co. (Comrs.)* 57 Ohio St. 189, 213 [48 N. E. Rep. 882; 63 Am. St. Rep. 710]; Lan. R. L. 5307, 5312, 5321 (B. 3337-3, 3337-8, 3337-17); *State* v. *Commissioners,* 49 Ohio St. 301 [30 N. E. Rep. 785]; *Lake Shore & M. S. Ry.* v. *Elyria,* 69 Ohio St. 414 [69 N. E. Rep. 738].

**W. J. Beckley,** prosecuting attorney, for defendant.

The county commissioners are the persons having the care and control of the public state and county roads and the only ones having the right to sue and recover for any injury or damages to such. See Lan. R. L. 2104 and 2123 (R. S. 845 and 863); *Citizens' Elec. Ry.* v. *Richland Co. (Comrs.)* 56 Ohio St. 1 [46 N. E. Rep. 60].

Diverting of highway. *Megrue* v. *Putnam Co. (Comrs.)* 8 Circ. Dec. 262 (15 R. 245).

**LAUBIE, J.**

In this case plaintiffs seek to enjoin the commissioners from changing the location, and vacating a portion, of the public highway running west from the town of Ravenna to Kent in said county, known as the Ravenna-Kent road. The facts sufficiently appear in the special finding of facts made by this court at the request of defendants.

The Pennsylvania Company, a defendant herein, controls and operates the Cleveland and Pittsburgh railway and has laid out and is now constructing a new and shorter line for that railway through Portage county, which is to cross said highway diagonally, as the direction of said new line in from northwest to southeast, at a point between said towns a mile distant from its original line, at a grade of more than thirty feet below that of the highway; and at a point some seven hundred feet east thereof said new line is to cross another public road nearly at

grade, known as the Sandy Lake road, which runs from the south northward and connects with said Ravenna-Kent highway north of said new line of railroad.

The object of the suit is to restrain the defendants from carrying out an agreement entered into between them, to change and divert the line of said Ravenna-Kent highway and vacate and abandon a part thereof, as follows:

Commencing at a point about 350 feet east of said proposed crossings of said Ravenna-Kent highway, thence turning and running said highway to the southwest until it intersects said new railroad, crossing the same by an overhead bridge at right angles, and then turning to the northwest and paralleling such new railroad until it strikes or intersects the original highway at a point west of where such new line of railroad was to strike said highway, and vacate and abandon such portion of the said highway, as lies between the said points of divergence.

The object of this, as claimed by the defendants, is to avoid the nearly-at-grade crossing of the said Sandy Lake road for the safety and convenience of the public, said agreement also including a change of the line of that road by turning it to the northwest at some point south of where it was to be crossed by such railroad, and to connect it with said Ravenna-Kent highway at a point near the southwest end of said overhead bridge; and the right to do this, it is claimed, is conferred upon the commissioners by the provision of the act of April 27, 1893 (90 O. L. 359).

That the provisions of said act do not apply to such a case as this, is evident—even the title of the act shows this. It reads, "To provide for the abolition of dangerous grade crossings." Section 1 of that act, (Lan. R. L. 5312; B. 3337-8) in regard to crossings outside of municipalities, provides that if "the commissioners of any county in which, outside of any municipal corporation, a railroad or railroads and any public road or highway cross each other at grade, and the directors of the railroad company or companies are of the opinion that the security and convenience of the public require that alterations shall be made in such crossing, or in the approaches thereto, or in the location of the railroad or railroads or the public way, or any grades thereof, so as to avoid a crossing at grade, or that such crossing should be discontinued with or without building a new way in substitution therefor, and if they agree as to the alterations which should be made, such alterations may be made in the following manner:"

Section 2 (Lan. R. L. 5313; B. 3337-9). "When it is deemed necessary ＊ ＊ ＊ the commissioners ＊ ＊ ＊ shall by

resolution, declare such necessity and intent, and shall state * * * the manner in which the alterations in the crossing are to be made," etc.

Section 10 (Lan. R. L. 5321; B. 3337-17) provides that "When any grade crossing is on a county line road, the commissioners of each county in which such crossing is situated may join in all the proceedings necessary for the abolition of such grade crossing as provided in this act," etc.

This act and all of its provisions, beyond question, relate solely to existing crossings—crossings that have been and are being used by, and on the line of operated railroads, to the danger and inconvenience of the public, and for that reason are to be changed or abolished.

Here there are not only no existing crossings, but no built and operated railroad—there is nothing to change, alter or abolish except a scheme or design. How is it possible to abolish a crossing, because of its dangerous character, that does not and never did exist? Commissioners of counties are *quasi* corporations, and have only such power as is conferred by statute, and such statutes are to be strictly construed; and the power here conferred is limited to existing crossings upon existing and operated railroads, and cannot be enlarged to include proposed crossings upon a proposed railroad.

But if it were otherwise there are still other reasons why their action would be illegal, and plaintiffs entitled to relief prayed for.

The grade crossing which they are thus seeking to abolish is not, or will not be on the Ravenna-Kent highway, but on the Sandy Lake road; and that is the only highway. necessary, or that they could have any right to change in order to abolish such crossing. The statute in question limits such right to the highways intersected, and to the points of intersection.

That road could be changed just as proposed and its crossing abolished by continuing it instead of the Ravenna-Kent highway, along the south line of said railroad to the northwest, until it strikes said Ravenna-Kent highway where said highway was to be reunited as aforesaid, without affecting or changing one foot of the line of the Ravenna-Kent highway.

It would seem therefore, that even if the proposed change in the line of the Ravenna-Kent highway was agreed upon for the security and convenience of the public in getting rid of a grade crossing on another highway and not for the pecuniary benefit of the Pennsylvania Company, that it could be done at much less expense to the county and productive of much less inconvenience and injury to the adjacent landowners.

Portage County.

Again, the plaintiffs live upon lands owned by them, abutting on the Ravenna-Kent highway at the point in question, and they will, it appears, suffer injury by the vacation and abolition of such part of such highway in excess of and different from that of the general public; and therefore, before their property rights in such easement can be taken, compensation must be first made then.

But here there is no provision or method in this or any other statute by or under which their damages could be ascertained and ordered paid. And in such cases, where no provision exists for awarding compensation the parties thus injured are entitled to an injunction restraining the officials from making the proposed change. *Tussing* v. *King*, 65 Ohio St. 10 [60 N. E. Rep. 986]; *Kinnear Mfg. Co.* v. *Beatty*, 65 Ohio St. 264 [62 N. E. Rep. 341; 87 Am. St. Rep. 600].

We have an earlier statute which, while it is not decisive of the question, reflects somewhat upon it. The act of April 2, 1891 (88 O. L. 261), confers upon township trustees authority to fix and determine the kind and extent of all new crossings, and the time and manner of constructing the same, within their townships.

Section 1 of said act (Lan. R. L. 5307; B. 3337-3) provides that "railway or railroad companies operating a line or lines of railway in this state, shall build * * * good and sufficient crossings over, or approaches to such line or lines of railway * * * at all points where any public highway * * * is now or may hereafter be intersected by such lines of railway, its tracks, side tracks or switches. * * * And as to crossings and approaches outside of municipal corporations, the township trustees shall have power to fix and determine the kind and extent thereof, and the time and manner of constructing the same; * * * and such crossways, approaches * * * shall be constructed, repaired and maintained by the railroad companies as so ordered."

The other sections of the act provide for notice to be served by such trustees on the company to build such crossing; that if not done in thirty days thereafter the township trustees may construct the same, and recover the cost from the company; that such company must keep the same clean of snow, etc.; and if such company neglects to comply with these demands, a penalty shall be assessed against it in favor of the township where the crossing is situate.

The Pennsylvania Company, as shown in this case, is operating a line of railway in this state, and is now constructing an additional track to get rid of curves and shorten its said line, which will intersect and cross the highway and road in question at points where its said line did not intersect or cross the same; and therefore it is the township trustees

Grinnell v. Commissioners.

of the township where these crossings are to be made, who are to determine the kind and extent of these crossings, and the manner of constructing the same as the defendants cannot change the position of these crossings in the manner agreed upon by them.

This authority is not taken away or abridged by the said act of April.27, 1893.

It is only after crossings are constructed and become established, that the commissioners of the county are, by such later statute, authorized to act in these respects by joining with the company in changing, altering or abolishing such of those crossings as may be grade crossings.

We are not aware whether the trustees have taken action in the matter or not, but that is immaterial to the present case.

The injunction prayed for is granted.

**Burrows** and **Cook, JJ.,** concur.